Colclough vs. Niland.

CoLCLOUGH, Appellant, vs. NILAND, Respondent.

*February 4 — March 1, 1887.*

*Landlord and tenant: Appeal to S. C.: Evidence: Bill of exceptions.*

1. In an action for rent the defendant counterclaimed for damage to his goods caused by leakage through the ceiling. It did not appear that the tenant occupying the room above, through the floor of which the water passed, was responsible for the damage. The court admitted evidence under the counterclaim, but in the charge to the jury the counterclaim was not mentioned, and if the jury considered it at all (which is very doubtful), the amount allowed on it must have been very small. *Held*, that the admission of the evidence was not ground for a reversal of the judgment.

2. When it is alleged as error that the trial court refused to strike out hearsay evidence given by a witness on his cross-examination by appellant's counsel, the record should show whether or not such testimony was responsive to the question asked.

APPEAL from the County Court of *Milwaukee* County. The facts are sufficiently stated in the opinion. The plaintiff appealed from a judgment on the verdict for the defendant.

*Henry L. Buxton*, for the appellant.

For the respondent there was a brief by *Clark & McAuliffe*, and oral argument by *Mr. McAuliffe*.

ORTON, J. The plaintiff sued the defendant for rent and for repairs of building made necessary by the improper use of the building and his negligence as tenant, and the defendant denied the cause of action and counterclaimed for damages caused by leakage through the ceiling upon his goods. There was no controversy about the rent, and the amount seemed to be about $22, and the defendant tendered, after suit, $30 and costs. The evidence was very conflicting upon the matters in controversy, and there does not appear to have been any such preponderance against the verdict as to warrant the interference of this court upon the merits. The jury found for the defendant, by which it may be inferred that they regarded the tender sufficient to pay the rent and some part of the other claims of the plaintiff, or allowed all of such claims, deducting the counterclaim; but just how they viewed the case it is impossible to tell. To reverse the judgment on the merits this court would have to pass upon all the evidence as an original question or as upon a trial *de novo*, which we have no right to do. We can only reverse when there was no evidence to sustain the verdict, or when there was a clear preponderance of the evidence against it. That this court might not have found upon the facts proved as the jury did, is not the question.

The errors of law assigned are very few and quite unimportant.

1. The learned counsel of the plaintiff objected to the

evidence of the defendant that "the water poured through the floor and came on top of the goods," and also objected to all of the evidence offered to support the counterclaim, on the ground that the tenant occupying the rooms above the store, through the floor of which the water passed, was responsible, and not the landlord, for all the damages so occasioned. If this had clearly appeared to have been the fact, such evidence was improper. But from the evidence in the printed case it did not so appear. It did not appear that the water fixtures in the room above were in proper repair when such room was rented to the tenant, and it did not very clearly appear that the water that did the mischief came only from defects in, or negligence in managing, the water pipes in the room above. The defendant testified that "there was a time when the water leaked through between the two stores in the rear of the stairway; and at one time it leaked through the roof, and at another time from the faucets upstairs right over him." It did not appear what the contract relations were between the plaintiff and the tenant above as to repairs. But it is extremely doubtful whether the jury at all considered the defendant's counterclaim; for nothing was said about it in the charge of the court, and there was evidence to sustain the verdict without considering it; and, if they did take it into consideration, the amount allowed must have necessarily been very small.

2. The learned counsel of the appellant moved to strike out the testimony of the boy Grimshaw, given on cross-examination by the counsel himself, as follows, viz.: "I asked him if he let it down, and he said 'yes,' and not to say a word about it." The witness had testified, "I knew the boy let this [the awning that probably broke the window] down, because I seen him standing in the doorway," and then, it is claimed, the witness volunteered the above. This testimony, clearly improper in itself, might have been

responsive to the question asked, and if so the appellant was bound by it. The question is not given in the printed case, and therefore it does not appear that this evidence ought to have been stricken out. But it is quite evident that the jury could not have been misled by it. The witness had stated that he knew the boy let the awning down; and if he saw him do it, and the boy immediately said that he did do it, and not to tell any one, it would be hard to separate his words from his act. At all events, we think it was quite immaterial, so far as it could have affected the verdict.

The exceptions to the charge of the court are not pressed in appellant's brief, and the instructions in all respects appear to have been clear, impartial, and correct.

*By the Court.*— The judgment of the county court is affirmed.